UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEORGE KIRSCHBAUM,

                Plaintiff,

-against-

SORC D.J. DECKER; C.O. OLSEN; ORC ROGERSON,

                Defendants.

25-CV-6117 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND PRISONER AUTHORIZATION

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff is currently incarcerated at Mohawk Correctional Facility. On December 23, 2024, he brought this action *pro se* in the United States District Court for the Northern District of New York. *Kirschbaum v. Daily*, No. 24-CV-1580 (N.D.N.Y.) On July 18, 2025, the Northern District of New York severed Plaintiff's claims arising at Woodbourne Correctional Facility against the above-named defendants and transferred those claims here.[1]

    To proceed with a civil action in this Court, a prisoner must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee

---

[1] The Northern District of New York granted Plaintiff's request to proceed *in forma pauperis*. The claims that were severed and opened as a new action in this district require a separate filing fee or order granting IFP status. *See, e.g., Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248, 250 (S.D.N.Y. 2001) (holding that "severed claims become entirely independent actions to be tried, and judgment entered thereon, independently."). Plaintiff therefore must either pay the filing fees or seek IFP status for this new action. *See Abreu v. Brown*, No. 18-CV-1634 (CM), 2018 WL 10125142, at *1 (S.D.N.Y. Mar. 16, 2018) (holding severed claims constitute a new action and requiring plaintiff to pay the fees or submit an IFP application).

in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[2] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit an IFP application and prisoner authorization. If Plaintiff submits these documents, they should be labeled with docket number 25-CV-6117 (LTS). No summons shall issue at this time. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 30, 2025
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge

---

[2] The $55.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.