UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE KIRSCHBAUM,

                Plaintiff,

-against-

SORC D.J. DECKER; C.O. OLSEN; ORC ROGERSON,

                Defendants.

25-CV-6117 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff is currently incarcerated in the Mohawk Correctional Facility. On December 23, 2024, he filed a *pro se* complaint in the United States District Court for the Northern District of New York. *Kirschbaum v. Daily*, No. 24-CV-1580 (N.D.N.Y.) That court granted Plaintiff leave to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. On July 18, 2025, the Northern District of New York severed Plaintiff's claims arising from events alleged to have occurred at the Woodbourne Correctional Facility (Woodbourne claims) and transferred them here, because Woodbourne is located, in Sullivan County, within this judicial district. *See* 28 U.S.C. § 112(b). A new civil action was opened in this court and was assigned civil docket number 25-CV-6117.

      By order dated July 30, 2025, this Court issued an order explaining that Plaintiff must pay another $350.00 filing fee or submit a new IFP application and prisoner authorization for the new action in this district (25-CV-6117). *See, e.g., Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248, 250 (S.D.N.Y. 2001) (holding that "severed claims become entirely independent actions to be tried, and judgment entered thereon, independently."); *Abreu v. Brown*, No. 18-CV-1634 (CM), 2018 WL 10125142, at *1 (S.D.N.Y. Mar. 16, 2018) (holding severed claims constitute a new action and requiring plaintiff to pay the fees or submit an IFP application). The

July 30, 2025 order further explained that even when a prisoner is granted leave to proceed IFP, the Prison Litigation Reform Act requires the Court to collect $350.00 in installments deducted from the prisoner's prison trust fund account. *See* 28 U.S.C. § 1915(b)(1). In other words, when a prisoner is granted IFP status, it simply means that he does not have to *prepay* the $350.00 filing fee.

The Court received a letter from Plaintiff on August 27, 2025, in which he asks why the Northern District of New York is deducting money from his prisoner account notwithstanding his IFP status with respect to this action pending there. (ECF 26.) He also appears to ask why this Court is asking him to submit a new IFP application and prisoner authorization for this pending here. The Court directs Plaintiff's attention to its July 30, 2025 order, which explains that: (1) even though the Northern District of New York granted him leave to proceed IFP, he must still pay the $ 350.00 filing fee to that court in installments; and (2) because the Northern District of New York severed the Woodbourne claims and transferred them to this court, Plaintiff must pay a new $ 350.00 filing fee, even if granted IFP status in this court, for the matter pending here.

The Court grants Plaintiff an extension of time to comply with the July 30, 2025 order, should he wish to proceed with the action pending here. Within 30 days from the date of this order, Plaintiff must either submit payment of $405.00 in fees (explain what they are) or submit a new completed and signed IFP application and a new completed and signed prisoner authorization. If he submits those documents, and if the Court grants him IFP with respect to his action in this court, he will charged another $350.00 filing fee, which will be incrementally deducted from his prisoner trust fund account. If Plaintiff submits these documents, they should be labeled with civil docket number 25-CV-6117 (LTS). If Plaintiff does not wish to proceed

with this action in this court, he can either simply not submit the requisite documents, or he can write a letter informing the Court that he wishes to withdraw this action. Either way, the Court will dismiss this action without prejudice, and the $350.00 filing for this civil action in this court will not be deducted from his prisoner trust fund account. The Northern District of New York will, however, continue to deduct funds from his prison trust fund account for the action pending in that court.

For Plaintiff's convenience, the Court is attaching an IFP application form and a prisoner authorization form.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 3, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge