UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE KIRSCHBAUM,<br><br>               Plaintiff,<br><br>      -against-<br><br>SGT. DAILY RIVERVIEW<br>CORRECTIONAL FACILITY; SORC D.J.<br>DECKER WOODBOURNE<br>CORRECTIONAL FACILITY; C.O. OLSEN<br>WOODBOURNE CORRECTIONAL<br>FACILITY; V. BURN SUP OF PROGRAMS,<br>RIVERVIEW CORRECTIONAL FACILITY;<br>ORC ROGERSON WOODBOURNE<br>CORRECTIONAL FACILITY; FISHKILL<br>RRU; RIVERVIEW SHU; GREEN SHU;<br>MOHAWK CP (MEDICAL),<br><br>               Defendants. | 25-CV-6117 (LLS)<br><br>ORDER TO AMEND |

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated in the Mohawk Correctional Facility, brings this action *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated December 2, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

In Plaintiff's original complaint, filed in the United States District Court for the Northern District of New York, he asserted claims arising from events taking place at a number of correctional facilities, including Woodbourne Correctional Facility ("Woodbourne"). *See Kirschbaum v. Daily*, No. 24-CV-1580 (N.D.N.Y.) By order dated February 13, 2025, that court noted that:

> Documents attached to the complaint include a memorandum regarding the reversal of a superintendent's hearing related to an incident at Woodbourne . . . involving SORC Decker. See Compl. at 7. The complaint, however, does not include any allegations related to this incident or any other incident at Woodbourne Correctional Facility.

(ECF 11 at 6 n.7.) Further, in that order, the court: (1) advised Plaintiff that this court would be a proper venue for any claims he wished to assert arising at Woodbourne;[2] and (2) granted Plaintiff leave to file an amended complaint in connection with his claims arising at correctional facilities located within the Northern District of New York. (*Id.* at 19-20.)

Plaintiff filed an amended complaint on June 5, 2025 (ECF 20.) By order dated July 18, 2025, the Northern District court noted that the amended complaint, "[w]ithout explanation . . .

---

[2] Woodbourne is located in Sullivan County. This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

named" Woodbourne SORC D.J. Decker; Woodbourne Corrections Sergeant Olsen; and

Woodbourne ORC Rogerson as defendants. (ECF 22 at 3.) That court further noted that:

> [a]t some point before January 25, 2024, plaintiff was incarcerated at
> [Woodbourne] and issued a misbehavior report by [Olsen], which charged him
> with rioting and violent conduct, among other things. Thereafter, plaintiff attended
> a disciplinary hearing before [Decker], who found plaintiff guilty of the charges in
> the misbehavior report despite a lack of evidence in support of the charges.
> Plaintiff believes the guilty determination "was retaliation for [him] helping
> [another inmate] make a report to OSI because he couldn't use the phone[.]"

(*Id.* at 5 (citation omitted).)

The Northern District court severed and transferred to this court any claims that Plaintiff

asserts against Woodbourne Defendants Decker, Olsen, and Rogerson. (ECF 22 at 7-10.) The

Clerk of this Court opened those severed and transferred claims as the present action.

### DISCUSSION

Plaintiff's amended complaint suggests that correctional staff at Woodbourne issued a

misbehavior report, and that he is alleging that he was denied due process during a subsequent

associated disciplinary hearing. The Court therefore construes Plaintiff's amended complaint as

asserting claims of federal constitutional violations under 42 U.S.C. § 1983. In its current form,

the amended complaint does not state a claim that Woodbourne correctional staff denied him due

process under Section 1983.

"In a § 1983 suit brought to enforce procedural due process rights, a court must determine

(1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due

before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir.

2011) (citation omitted). The threshold question for a due process claim "'is always whether the

plaintiff has a property or liberty interest protected by the Constitution.'" *Perry v. McDonald*,

280 F.3d 159, 173 (2d Cir. 2001) (quoting *Narumanchi v. Bd. of Trs. of the Conn. State Univ.*,

850 F.2d 70, 72 (2d Cir. 1988)).

For prison disciplinary proceedings where a liberty or property interest is implicated, an inmate is entitled to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken. *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (relying on *Wolff v. McDonnell*, 418 U.S. 539 (1974)). Convicted prisoners do not have a liberty interest in a disciplinary hearing unless the punishment subjects them to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "[R]estrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and thus require proof of conditions more onerous than usual." *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009); *Kalwasinski v. Morse*, 201 F.3d 103,107-08 (2d Cir. 1999) (discussing factors relevant to deciding if confinement in segregated housing constitutes an atypical hardship).

Here, Plaintiff does not allege any facts regarding any punishment imposed during his disciplinary hearing. Nor does he allege that he suffered an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," *Sandin*, 515 U.S. at 484, rising to the level of the deprivation of a liberty interest. Plaintiff thus fails to state a claim on which relief can be granted for a violation of the right to procedural due process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Additionally, to allege a First Amendment retaliation claim under Section 1983, a prisoner must ultimately show that "(1) the speech or conduct at issue was protected, (2) the defendant took adverse action against the plaintiff, and (3) there was a causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (quoting *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other*

grounds, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). To qualify as an adverse action, retaliatory conduct must be conduct that "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights. . . . Otherwise, the retaliatory act is simply de minimis and therefore outside the ambit of constitutional protection." *Dawes*, 239 F.3d at 492-93. A plaintiff can establish a causal connection giving rise to an inference of retaliation, for example, by showing that the protected activity was close in time to the adverse action. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001); *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009). Prisoners' claims of retaliation must be examined with skepticism and particular care, however, because they are "'prone to abuse' since prisoners can claim retaliation for every decision they dislike." *Graham*, 89 F.3d at 79.

Here, Plaintiff alleges that after a disciplinary hearing, he was found plaintiff guilty of the charges in the misbehavior report, despite a lack of evidence in support of the charges. According to Plaintiff, the guilty determination "was retaliation for [him] helping [another inmate] make a report to OSI because he couldn't use the phone." (ECF 1 at 5.) Plaintiff's allegations that he was denied due process, and retaliated against, are conclusory. Plaintiff does not provide facts about what exactly happened at the disciplinary proceeding and why those events constituted a due process violation. Additionally, Plaintiff does not allege facts showing a connection between the assistance he provided to the other prisoner and the finding of guilt, which is a necessary element of showing retaliation.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of

5

Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims that he was denied disciplinary due process and retaliated against at Woodbourne.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

6

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-6117 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:    December 16, 2025
          New York, New York

_____Louis L. Stanton_____
          Louis L. Stanton
          U.S.D.J.

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  □ Yes    □ No

(check one)

___ **Civ. _____ (    )**

I.       **Parties in this complaint:**

A.       List your name, identification number, and the name and address of your current place of
         confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
         as necessary.

Plaintiff's        Name_____
                   ID#_____
                   Current Institution_____
                   Address_____
                   _____

B.       List all defendants' names, positions, places of employment, and the address where each defendant
         may be served. Make sure that the defendant(s) listed below are identical to those contained in the
         above caption. Attach additional sheets of paper as necessary.

Defendant  No. 1     Name _____ Shield #_____
                     Where Currently Employed _____
                     Address _____
                     _____

*Rev. 01/2010*                                    1

Defendant No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**II.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

What
happened
to you?

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

*Rev. 01/2010*                                            3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____


B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____    No _____    Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____    No _____    Do Not Know _____

If YES, which claim(s)?

_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____    No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____    No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1.    Which claim(s) in this complaint did you grieve?

_____

_____

2.    What was the result, if any?

_____

_____

3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

_____

_____

_____

_____

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

_____

_____

_____

*Rev. 01/2010*                                        4

_____
_____
_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.
_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____

_____

_____

_____

_____

_____

_____

_____

*Rev. 01/2010*               5

_____

_____

_____

**VI.    Previous lawsuits:**

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

    1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

    2. Court (if federal court, name the district; if state court, name the county) _____

_____

    3.    Docket or Index number _____

    4.    Name of Judge assigned to your case_____

    5.    Approximate date of filing lawsuit _____

    6.    Is the case still pending?  Yes _____   No _____

    If NO, give the approximate date of disposition_____

    7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes _____    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

    2.    Court (if federal court, name the district; if state court, name the county) _____

_____

    3.    Docket or Index number _____

    4.    Name of Judge assigned to your case_____

    5.    Approximate date of filing lawsuit _____

**On these claims** (margin note)

**On other claims** (margin note)

_Rev. 01/2010_                    6

6.  Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.  What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Inmate Number    _____

Institution Address    _____

_____

_____

_____

Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____